IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

DONALD EARL CLARK,   Case No. 15-11133-M
                    Chapter 13

Debtor.

## MEMORANDUM OPINION

This case presents the narrow question of whether a Chapter 13 trustee can file an objection to an unsecured claim after confirmation of a Chapter 13 plan. The creditor says no, arguing that once the plan is confirmed, all claim issues are precluded by the order of confirmation. The Chapter 13 trustee disagrees, arguing that neither the Bankruptcy Code nor the Bankruptcy Rules contain a deadline for objecting to unsecured claims and that an order of confirmation is not a guarantee of claim allowance. The parties agree as to the operative facts. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014.

### Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C.A. § 1334(b).[1] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C.A. § 157(a). The allowance or disallowance of a claim against the estate is a core proceeding as defined by 28 U.S.C.A. § 157(b)(2)(B).

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et seq*.

**Findings of Fact**

Donald Earl Clark ("Debtor") filed an original petition for relief under Chapter 13 of the United States Bankruptcy Code with this Court on June 11, 2015. Lonnie D. Eck ("Trustee") was appointed to serve as the trustee in this case. The Court established October 19, 2015, as the deadline to file claims. On July 9, 2015, LVNV Funding, LLC ("LVNV") filed an unsecured proof of claim in the amount of $3,094.99 (the "LVNV Claim").[2] On August 30, 2105, Debtor filed his Corrected Amended Chapter 13 Plan (the "Plan").[3] The Plan provided that general unsecured claims could expect to be paid approximately 24.4% of their allowed claims. The section of the Plan regarding unsecured claims included these statements:

> All claims not specifically provided for above and those relegated to unsecured status above shall be paid as general unsecured claims, without priority, on a pro rata basis.
>
> *NOTE: The actual payback to unsecured claims may be more or less depending on claims actually filed and allowed.*[4]

An order confirming the Plan was entered on September 11, 2015.[5]

On March 4, 2016, Trustee filed an objection to the LVNV Claim (the "Claim Objection").[6] The Claim Objection was based upon a review of the documents attached to the LVNV Claim that revealed the last payment on the LVNV Claim was made almost nine years prior to the filing of the bankruptcy case. As a result, Trustee argued the LVNV Claim was barred by the statute of

---

[2] *Claim No. 4.*

[3] *Docket No. 24.*

[4] *Id.* (emphasis added).

[5] *Docket No. 32.*

[6] *Docket No. 39.*

limitations and unenforceable against the Debtor as a matter of law. LVNV filed a response to the Claim Objection on April 5, 2016 (the "Response").[7] LVNV does not contest that its claim is barred by the statute of limitations. Instead, LVNV argues that the order confirming the Plan was *res judicata* on all issues of claim allowance and that, as a result of the Trustee's failure to object to the LVNV Claim prior to confirmation, the LVNV Claim must stand as allowed.

## Conclusions of Law

In order to complete a Chapter 13 case, two separate but related events need to happen: claims must be dealt with and a plan must be confirmed. In order for a claim to be timely filed in a Chapter 13 case, the claim must be filed within 90 days of the first date set for the meeting of creditors.[8] A bankruptcy court may <u>not</u> shorten this deadline.[9] The procedure for objecting to a proof of claim is found in Federal Rule of Bankruptcy Procedure 3007. That rule contains no deadline for the filing of objections to claims.[10] The plan confirmation process runs on a different timetable. The Chapter 13 plan must be filed within 14 days of the filing of the petition, unless the court grants an extension of time to file the plan for cause shown.[11] All creditors and parties in interest must be given at least 28 days notice of the deadline for filing an objection to confirmation of a Chapter 13 plan,

---

[7] *Docket No. 42.*

[8] Fed. R. Bankr. P. 3002(c). This deadline is commonly referred to as the "claims bar date."

[9] Fed. R. Bankr. P. 9006(c)(2).

[10] Fed. R. Bankr. P. 3007.

[11] Fed. R. Bankr. P. 3015(b).

as well as notice of the hearing on confirmation of the plan.[12]

In the Northern District of Oklahoma, the majority of Chapter 13 plans are filed with the petition. When that occurs, a copy of the plan is served by the Clerk of Court together with notice of the objection deadline and the date and time of the confirmation hearing. The confirmation hearing in a Chapter 13 case must be held not earlier than 20 days nor later than 45 days after the first meeting of creditors.[13] Thus the first confirmation hearing in a Chapter 13 case is always held before the claims bar date, and it is possible to confirm a Chapter 13 plan *before* all claims are filed in the case. In many cases, however, the filing of one or more amended plans is required, and a plan may not be confirmed until after the claims bar date has passed.[14] In this case, both the filing of the LVNV Claim and confirmation of the Plan took place prior to the claims bar date.

LVNV argues that entry of the confirmation order closed and locked the door on all issues relating to the allowance of unsecured claims. LVNV relies upon § 1327(a) and principles of *res judicata*. Section 1327(a) states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."[15] When it comes to the doctrine of *res judicata*, the United States Court of Appeals for the Tenth Circuit has held that:

---

[12] Fed. R. Bankr. P. 2002(b).

[13] § 1324(b).

[14] Indeed, when it comes to secured claims such as home mortgages, it is not uncommon for debtor's counsel to request an extension of time to file a plan until after the mortgage holder has filed its proof of claim, so that the debtor may file a plan that accurately determines the amount to be paid to that secured creditor.

[15] § 1327(a).

4

> Res judicata is an affirmative defense on which the defendant has the burden to set forth facts sufficient to satisfy the elements. . . . Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.[16]

The doctrine of *res judicata* serves private and public interests by requiring disputes between parties and their privies to be resolved within the context of a single litigation.[17] It "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."[18] The United States Supreme Court has cautioned us that "[f]or the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It therefore is to be invoked only after careful inquiry."[19]

The question before the Court is whether the allowance of unsecured claims is adjudicated as part of the plan confirmation process. If LVNV is correct, every order of plan confirmation entered in every Chapter 13 case operates as a final order allowing every unsecured claim in the case. The Court rejects this premise for several reasons. Often, plan confirmation occurs prior to the claims bar date. It is illogical to assume an order that predates the filing of a claim operates as a final order allowing that claim. Section 1325 sets forth the standards for confirmation of a Chapter 13

---

[16] *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citations omitted).

[17] *See* 18 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 4403 (2d ed.).

[18] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

[19] *Brown v. Felsen*, 442 U.S. 127, 132 (1979).

plan.[20] There is nothing in § 1325 that says a plan may not be confirmed because issues relating to the allowance of unsecured claims remain unresolved. In this case, the Plan does not provide for the allowance of all unsecured claims. Instead, it provides unsecured creditors with a percentage estimate of what they may expect to receive if the plan is confirmed, and advises them that "*[t]he actual payback to unsecured claims may be more or less **depending on claims actually filed and allowed***." Unsecured creditors are thus given notice that the issue of claim allowance remains on the table. The Plan does not lull unsecured creditors into believing that their claim is fully and finally allowed. Indeed, given that most Chapter 13 plans are filed with the petition, i.e., before *any* claims have been filed in the case, this Court cannot find that either the language of a Chapter 13 plan or the order confirming that plan operates as a final order allowing all unsecured claims.

Interestingly, LVNV does not argue that Trustee was required to object to plan confirmation in order to preserve his objection to the LVNV Claim. Instead, LVNV argues that Trustee was required to file an objection to the LVNV Claim prior to the entry of an order of confirmation. The filing of an objection to claim creates a contested matter governed by Bankruptcy Rule 9014.[21] It is a contested matter that exists independently of plan confirmation. LVNV argues that plan confirmation bars claims litigation, not because the issue of claim allowance was actually litigated or because it could have been litigated under the confirmation standards set forth in § 1325, but because there was no independent litigation filed upon the issue of the validity of the LVNV Claim. One is left to ponder how the doctrine of *res judicata* applies when the matter at issue (claim allowance) is not part of the prior lawsuit. LVNV's argument is over before it begins.

---

[20] *See* § 1325.

[21] *See* Fed. R. Bankr. P. 3007 and 9014.

LVNV relies upon a decision of the United States Court of Appeals for the Tenth Circuit, *In re Andersen*,[22] in support of its argument that confirmation of the Plan was *res judicata* on the issue of allowance of the LVNV Claim. LVNV's reliance upon *Andersen* is totally misplaced. *Andersen* did not deal with allowance of an unsecured claim; rather, the case involved the issue of non-dischargeability of student loan debt. The Chapter 13 plan at issue in *Andersen* expressly stated that confirmation of the plan would operate as a finding that repayment of the student loan debt would impose an undue hardship upon the debtor, and that the order of confirmation would discharge the student loan debt.[23] The affected creditors in *Andersen* had notice of the plan language discharging their debt, failed to file timely objections to confirmation, and failed to appeal the order confirming the plan. There can be no doubt that the student loan debt at issue in *Andersen* was squarely raised by the plan in that case, that the affected creditors were given notice and an opportunity to litigate the issue, and that they failed to effectively do so. The Supreme Court of the United States later confirmed these principles in *United Student Aid Funds, Inc. v. Espinosa*.

LVNV also relies upon *In re Parmenter*,[24] a decision of the United States Court of Appeals for the Sixth Circuit, in support of its *res judicata* argument. *Parmenter* has nothing to do with the *res judicata* effect of plan confirmation on unsecured claims, or, for that matter, on secured claims. *Parmenter* deals with whether an automobile lessor that agrees in a Chapter 13 plan to be paid directly outside the plan has an administrative priority claim against the Chapter 13 bankruptcy estate

---

[22] 179 F.3d 1253 (10th Cir, 1999), *overruled by In re Mersmann*, 505 F.3d 1033 (10th Cir. 2007), *abrogated by United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010).

[23] *Andersen*, 179 F.3d at 1254.

[24] 527 F.3d 606 (6th Cir. 2008).

when the debtor stops making lease payments. The majority in *Parmenter* said no, holding the lessor to be bound by the terms of the confirmed plan, and finding the allowance of such an administrative priority claim would undermine the confirmed plan to the extent that funds earmarked for unsecured creditors under the plan would be diverted to make the administrative priority payments.[25] A dissent argued that the lessor was entitled to the administrative priority, with the damage done to the plan ignored in the process. The facts of *Parmenter* render it inapplicable to the case at bar.[26]

There are two lines of thought on the issue of whether an objection to claim must be filed prior to confirmation of a Chapter 13 plan. Those views were summarized by the Bankruptcy Appellate Panel of the Sixth Circuit:

> In making its decision, the bankruptcy court recognizes that the Bankruptcy Code does not impose a time frame for filing objections to claims in chapter 13 cases. In reaching its conclusion, the bankruptcy court relied on a line of cases holding that in

---

[25] *Id.* at 608.

[26] Over 15 years ago, this judge posted several brief writing tips to the Court's website. One bears repeating here:

> Know the facts of the cases you cite. At the writing of this little ditty, there are almost 300 volumes of West's Bankruptcy Reporter [**Note: this number is closer to 600 today**]. Suffice it to say that some judge, somewhere, sometime has written and published an opinion which contains the magic words which support your position. It is extremely tempting to insert that quotation (I call them "sound bites") into your brief and say, "see, judge, other courts agree with me so I must be right." This is a dangerous practice. Courts decide real disputes. Real disputes are fact driven. For me, the facts of a case are at least as important as the legal analysis. Be wary of the case which is factually dissimilar to yours, but has a great sound bite. Be sure (either in your brief or at oral argument) to explain why the factually dissimilar case is applicable to your situation. Also, be cognizant of the difference between the holding of a case and the dicta contained therein. Most judges (this one included) find little value in dicta unless we already agree with it.

Joe Friday was on to something: "Just the facts, please."

chapter 13 cases, objections to secured claims must be raised prior to confirmation or the claim is deemed allowed through the confirmation process. *See Simmons v. Savell (In re Simmons),* [7]65 F.2d 547, 553 (5th Cir. 1985) ("proof of secured claim must be acted upon—that is, allowed or disallowed—before confirmation of the plan or the claim must be deemed allowed for purposes of the plan."); *see also, In re Starling,* 251 B.R. 908, 910 (Bankr.S.D.Fla. 2000) ("Debtor waived the right to object to [bank's] claim by failing to obtain an adjudication on the amount of the claim prior to confirmation of the [chapter 13 plan]").

However, not all courts have agreed with this line of cases.

> That a Chapter 13 plan can determine the value for a secured claim at confirmation without addressing the allowance of claims is well recognized. As explained by the bankruptcy court in *In re Fareed,* 262 B.R. 761, 769–70 (Bankr. N.D.Ill. 2001):
>
> There is ample ground for holding that confirmation should determine the value of a creditor's security interest under § 506(a). . . . In contrast, there is nothing in the Code that requires claim objections, under § 502(b), to be determined at the time of confirmation.
>
>  . . .
>
> [A] requirement that the allowance of claims under § 502 be fully adjudicated at the time of confirmation is not practicable, and would substantially delay confirmation and creditor payment.

*Hildebrand v. Hays Imports, Inc. (In re Johnson),* 279 B.R. 218, 224 (Bankr. M.D.Tenn. 2002). *See also United States I.R.S. v. Kolstad (In re Kolstad),* 928 F.2d 171, 174 (5th Cir. 1991) ("There is no bar date or deadline for filing objections."); *In re Barton,* 249 B.R. 561, 566 (Bankr. E.D.Wash. 2000) ("If Congress had intended objections to claims to be filed prior to Chapter 13 plan confirmation, it would have been a simple matter to write such a deadline into the statute"); *Chapter 13 Bankruptcy,* § 287.1 ("Reading a confirmation deadline into Bankruptcy Rule 3007 creates almost insurmountable problems for Chapter 13 practice.").

This latter line of cases appears to be the better reasoned approach and is the one that we will follow. Neither the Bankruptcy Code nor Bankruptcy Rules contain a bar date or deadline for filing objections to claims in a chapter 13 case and we will not read one into the law where none exists. Therefore, this Panel concludes that the bankruptcy court erred in overruling the Debtor's objection to Claim No. 8 on the

basis that the objection was filed too late because it was filed post-confirmation.[27]

A Georgia bankruptcy judge has offered a myriad of reasons why requiring objections to claims such as the LVNV Claim to be filed and resolved prior to plan confirmation would be harmful to the Chapter 13 process.[28] They will not be repeated here; however, the parties are advised that the Court finds them persuasive and applicable to this matter.

## Conclusion

A Chapter 13 trustee is not required to file an objection to an unsecured claim prior to entry of the order of plan confirmation. The Claim Objection is sustained. The LVNV Claim is disallowed in its entirety. A separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 21st day of June, 2016.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

7020.5

---

[27] *In re Morton*, 298 B.R. 301, 309–10 (6th Cir. BAP 2003).

[28] *See In re Shank*, 315 B.R. 799, 801–04 (Bankr. N.D. Ga. 2004).